# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Demontrion Phillips, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 50387 |
| | ) | |
| Winnebago County Sheriff, | ) | |
| | ) | |
| *Respondent*. | ) | Judge Frederick J. Kapala |

## ORDER

Petition for a writ of habeas corpus [1] is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts. All pending motions are denied as moot. This case is closed. Certificate of appealability is denied.

## STATEMENT

Petitioner, Demontrion Phillips, is a federal pretrial detainee in the custody of the U.S. Marshals Service and housed in the Winnebago County Jail. He is charged with two counts of bank robbery pending before this court in case No. 17 CR 50060. Phillips has filed a "writ of habeas corpus-false incarceration" seeking dismissal of the charges against him and release.

The matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts which is applicable to § 2241 petitions by virtue of Rule 1(b). Rule 4 requires a district court to conduct a preliminary review and states in relevant part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." For the following reasons, Phillips' § 2241 petition does not withstand Rule 4 review.

The case has been docketed as a § 2254 petition but Phillips is not entitled to relief under that section because he is not in state custody. A federal pretrial detainee may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241. However, to be eligible for habeas corpus relief under § 2241, a federal pretrial detainee must first exhaust other available remedies. See Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); see also Williams v. Hackman, 364 F. App'x 268, 270 (7th Cir. 2010) (holding that a federal pretrial detainee cannot use § 2241 to preempt the criminal case); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987) (same). Phillips' claims regarding his arrest, amount of bond, the charges against him, and the delay in his initial appearance before a federal judge fall within the scope of issues that are routinely litigated during federal criminal cases. Because Phillips has not presented exceptional circumstances, a habeas petition is

inappropriate in this case. Phillips should pursue available remedies in his pending federal criminal case. Therefore, the court dismisses Phillips' petition and closes this case.

Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consistent with the above analysis, the court finds that no reasonable jurist would differ on this court's disposition of Phillips' § 2241 motion. Therefore, the court will not issue a certificate of appealability.

Date: 12/22/2017　　　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　FREDERICK J. KAPALA

　　　　　　　　　　　　　　　　　　　　　　　District Judge